IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| HILLARY R. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-0102 |
| | ) | Chief Judge Haynes |
| MAURY COUNTY JAIL, | ) | |
| ENOCH GEORGE, and | ) | |
| DEBRA WAGONSCHUTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Hillary R. Holt, a state inmate at the Maury County Jail in Columbia,

Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Maury County

Jail, Sheriff Enoch George, and Jail Administrator Debra Wagonschutz. Plaintiff alleges

violations of her constitutional rights arising out of the conditions of her confinement at the

Maury County Jail. (Docket Entry No. 1.) Plaintiff seeks damages and injunctive relief, namely, a

transfer to a state-operated prison and improvement of the jail conditions.

Plaintiff alleges in her complaint that the conditions at the Maury County Jail are

unsanitary and pose a threat to inmate health. Plaintiff cites a "mold infested" environment;

rusted air vents; daily exposure to raw sewage resulting from toilets that do not flush properly; an

infestation of spiders and roaches; sleeping mats with black mold; leaky and moldy showers; and

standing puddles of water that pose an actual threat of harm to inmates. (Docket Entry No. 1, at

5.) Plaintiff claims the food is inadequate and lacking in nutrition, and that female inmates do not

receive adequate sanitary supplies, including toilet paper and menstrual pads. Plaintiff alleges

that female inmates do not receive clean uniforms on a daily basis and that they do not get sufficient medical attention. (Docket Entry No. 1, at 6–11.)

Plaintiff alleges that she, specifically, is subject to cruel and unusual punishment because, after giving birth in jail in June, she has not been able to have a contact visit with her newborn son. Instead, she gets to see him once a month through a glass partition, whereas if she were transferred to a state-operated prison, as ordered by the judge who sentenced her, she would have contact visits and the ability to keep her son with her one weekend a month. (Docket Entry No. 1, at 6.)

Plaintiff also alleges that female inmates are treated differently from male inmates at the Maury County Jail, specifically, that they lack access to the law library and are subject to more crowding and generally worse facilities. (Docket Entry No. 1, at 5.)

Under 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478,

488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard

than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a

deprivation of rights secured by the Constitution and laws of the United States and (2) that "the

deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d

584, 590 (6th Cir. 2002) (citations omitted).

As to Plaintiff's claims against the Maury County Jail, the jail is not a person that can be

sued in a § 1983 action. *See Petty v. Cnty. of Franklin, Ohio*, 479 F.3d 341, 347 (6th Cir. 2007)

(a county sheriff's department is not a "person" subject to liability under § 1983).

Plaintiff names Sheriff Enoch George as a Defendant in his official and individual

capacities. For the official-capacity claim, the actual Defendant is the entity that employs

Defendant George, namely Maury County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 ("A suit

against an individual in his official capacity is the equivalent of a suit against the governmental

entity of which the official is an agent."). Because Sheriff Enoch George is the person ultimately

responsible for the administration of the Maury County Jail, the Court concludes that he is

appropriately named in his official capacity. Based upon the Plaintiff's factual allegations and

upon the Court's orders in other actions involving the Maury County Jail, the Court concludes that Plaintiff states viable claims under the Eighth Amendment to the United States Constitution against Defendant George in both his individual and official capacity.

As to Plaintiff's allegations about female inmates' lack of access to the law library and other disadvantages compared to male inmates, the Court concludes that Plaintiff states a colorable claim under the Equal Protection Clause of the Fourteenth Amendment against Defendant George in his official capacity. *Cf. Lothes v. Butler Cnty. Juvenile Rehab. Ctr.*, 243 F. App'x 950, 956 (6th Cir. 2007) (noting that the Equal Protection Clause ensures that female inmates are afforded opportunities comparable to those of similarly situated male inmates); *Sullivan v. City of Cleveland Heights*, 869 F.2d 961, 963 (6th Cir. 1989) (a female inmate must establish that she was accorded treatment unequal to that of her male counterparts to proceed with an equal-protection claim).

With respect to Plaintiff's claims against Defendant Debra Wagonschutz, the official-capacity claims are redundant of Plaintiff's claims against Sheriff George in his official capacity, and should be dismissed as unnecessary. Plaintiff does not allege the personal involvement of Defendant Wagonschutz in the deprivations giving rise to her claims, so the individual-capacity claims against Defendant Wagonschutz will be dismissed as well.

An appropriate Order is filed herewith.

ENTERED this the 20th day of September, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court