UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HILLARY HOLT,

    Plaintiff,

v.

SHERIFF ENOCH GEORGE, in his individual and official capacity,

    Defendant.

No. 1-13-00102
Senior Judge Haynes

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 52) to grant Defendant's motion for summary judgment (Docket Entry No. 46) and that all other pending motions (Docket Entry Nos. 32 and No. 42) be denied as moot. Plaintiff filed an objection (Docket Entry No. 55), stating that she did not receive Defendant's motion for summary judgment and does "not know what the motion for summary judgment was I should have responded to." On August 16, 2016, the Court ordered the Clerk to mail Plaintiff a copy of Docket Entry Nos. 46-49, including any attachments, and a copy of Local Rule 56.01. (Docket Entry No. 56). The Court gave Plaintiff until September 9, 2016, to file a response to Defendant's motion for summary judgment and statements of undisputed fact, that the Court would consider in its review of the Report and Recommendation.

In noncompliance with Local Rule 56.01, Plaintiff filed a letter (Docket Entry No. 59) that the Court construes as her response. Plaintiff did not provide an affidavit or declaration in support or any other evidence to dispute Defendant's statements of undisputed facts (Docket Entry No. 48). Plaintiff does not list specific objections to the Report and Recommendation, but disputes

paragraphs 4, 13 and 22 in Debra Wagonschutz's affidavit (Docket Entry No. 49). Those paragraphs state:

> 4. Hillary Holt was an inmate at the Maury County Jail from December 5, 2012 until November 1, 2013, when she was transferred to the custody of the Tennessee Department of Corrections.
>
> 13. The male felons typically work as trustees at the Jail. There are inside and outside trustees. From time to time, former Sheriff Enoch George did allow the outside trustees to wear civilian clothes and to receive food from their families. These activities were not guaranteed privileges but occasional allowances.
>
> 22. Ms. Holt did request that she have contact visits with her son. The Jail has a strict policy prohibiting inmates from have contact visits. This policy is a security measure in place to control the entrance of contraband in to the facility and to maintain institutional security and order.

Id. at ¶¶ 4, 13, 22.

Plaintiff disputes paragraph 4, stating that she "was sent/transferred to Lewis Co. Jail. I did not get to TDOC until April 17, 2014." (Docket Entry No. 59). As to paragraph 13, Plaintiff states that she disputes the sexual discrimination claim "because how is it same treatment regardless of security level if men trustees wore free world clothes and had family bring free world food to them. Whether it was only occasional it is not equal treatment." Id. Lastly, Plaintiff objects to paragraph 22 "because me being a state inmate the state's objective is to promote parent child relationship and provide several different opportunity and resources to help with it. . . . [The county jail] need to operate under state guidelines. Not try to doctor them by once a month non-contact visits through a glass where no bond could be made or sending to another county jail when requests to be sent to TDOC before the birth of my son." Id. at 2.

Citing Wagonschutz's affidavit, the Magistrate Judge stated: "Just like the male felons who also worked inside the Jail as the inside trustees, the kitchen workers were required to wear the Jail uniforms and only had access to the Jail food. [Docket Entry No. 49, Wagonschutz affidavit at ¶ 14].

2

In this way, the female felon inmates working inside the Jail are treated equally to the male felon inmates working inside the Jail." (Docket Entry No. 52 at 28). Plaintiff did not offer specific objections as to as to this portion of Wagonschutz's affidavit or the Magistrate Judge's conclusion.

Further, the Magistrate Judge correctly noted, "'Prison inmates have no absolute constitutional right to visitation.'" (Docket Entry No. 52 at 25, quoting Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir. 1984)). In Block v. Rutherford, 468 U.S. 576, 586 (1984), the Supreme Court stated that "there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion. . . . Contact visits invite a host of security problems. They open the institution to the introduction of drugs, weapons, and other contraband. . . . [that] can readily be slipped from the clothing of an innocent child, or transferred by other visitors permitted close contact with inmates."

After de novo review, the Report and Recommendation is **ADOPTED with modifications**. Defendant's motion for summary judgment (Docket Entry No. 46) is **GRANTED** for Plaintiff's failure to present sufficient proof to support a judgment on her claims. The Report and Recommendation is **SET ASIDE** as to its conclusions on the legal sufficiency of Plaintiff's claims. Defendant's motion to dismiss (Docket Entry No. 32) and motion to ascertain status (Docket Entry No. 42) are **DENIED as moot**. This action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the \_\_15th\_\_ day of September, 2016.

WILLIAM J. HAYNES, JR
Senior United States District Judge